UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KYLE FELTY et al., ) <br> ) <br> Defendants. ) | Case No. 15-CV-0585-CVE-FHM |

## OPINION AND ORDER

Now before the Court are plaintiffs' Notice (Dkt. # 1) and plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). Plaintiffs Fred and Rosemary Lollis, proceeding pro se, appear to be challenging a ruling by a state court that Fred Lollis is mentally unstable. However, it is difficult to discern the basis for plaintiffs' claim due to the rambling and incoherent nature of the Notice and the complete lack of any factual allegations. In particular, the caption of the case states that the case was filed in the "Lollis Court" and he claims that he did not receive due process in the "secret court of Bankruptcy." Dkt. # 1, at 1-2. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). However, this does not mean that the Court can function as an advocate for plaintiffs and the Court may not attempt to construct a claim for plaintiffs. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiffs' Notice does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiffs' pro se status, the Court can not permit plaintiffs to proceed with this case if the Court lacks subject matter jurisdiction over their claims. Plaintiffs have not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the Notice states any basis for it to exercise federal question jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331. Under § 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiffs do not cite any federal statute or law other than a vague reference to "Constitutional Rights," but there are no

factual allegations and the Court cannot discern the nature of plaintiffs' claims. There is no colorable federal law claim alleged in the Notice, and the Court does not have federal question jurisdiction over this case. The Court finds that the case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiffs' claims are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 15th day of October, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE